**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| JULIA DUNBAR, )<br>)<br>    Plaintiff, )<br>vs. )<br>)<br>WOLF BAY LODGE, INC., )<br>and CHARLENE HABER )<br>)<br>    Defendants. )<br>_____/ | CASE NO.: 1:15-CV-00265 |

## COMPLAINT

COMES NOW, the Plaintiff, JULIA DUNBAR (hereinafter referred to as "Plaintiff), by and through the undersigned counsel, and sues WOLF BAY LODGE, INC., and CHARLENE HABER (hereinafter collectively referred to as "Defendants"), and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and do business within this District. In addition, a substantial part of the events and

omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Defendant, WOLF BAY LODGE, INC., is an Alabama For-Profit Corporation licensed under the laws of Alabama and regularly transacts business in the State of Alabama.

5. Based on information and belief, the Defendant, WOLF BAY LODGE, INC., owns and operates restaurant/lounge establishments by the name of "Wolf Bay Lodge Restaurant & Bar" in Orange Beach, Alabama, located at 26619 Perdido Beach Blvd., Orange Beach, Baldwin County, Alabama 36561, and in Foley, Baldwin County, Alabama, located at 20801 Miflin Road, County Road 20, Foley, Alabama 36535 (hereinafter collectively referred to as "WOLF BAY LODGE").

6. The Defendant, CHARLENE HABER, based on information and belief, is a resident of the State of Alabama and transacts business in the State of Alabama.

7. The Defendant, CHARLENE HABER, is an officer and is the owner/operator of WOLF BAY LODGE and maintains operational control over WOLF BAY LODGE including control over personnel and work policies.

8. Plaintiff, JULIA DUNBAR, is a resident of the State of Florida and worked for the Defendants, in Baldwin County, Alabama, during the three (3) years before the date on which this Complaint was filed.

9. Plaintiff, JULIA DUNBAR, was employed by the Defendants as a waitress at the Defendants' establishment, WOLF BAY LODGE.

## ALLEGATIONS OF FACT

10. The Defendant, WOLF BAY LODGE, INC., is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

11. The Defendant, CHARLENE HABER, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

12. Defendants operate restaurants in Baldwin County, Alabama under the name Wolf Bay Lodge Restaurant & Bar. Based on knowledge and belief, the restaurant locations referenced in Paragraph Five use the same logos, insignias, menus, recipes, and overall policies and procedures.

13. The Defendants control the day to day operations of WOLF BAY LODGE and are actively involved in the day to day operations of WOLF BAY LODGE including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals, marketing, setting service rates, and other business operations.

14. The Defendants, as part of their business, would transact business with foreign corporations which were part of interstate commerce, would purchase restaurant equipment, furniture, food and food products, and supplies from wholesalers, dealers, and suppliers out of state which were part of interstate commerce, would advertise and solicit sales on the World Wide Web to potential patrons and customers inside and outside of Alabama, and would transact business across state lines, all of which are part of interstate commerce.

15. The Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

16. Defendants supervise the operations of WOLF BAY LODGE, including hiring and firing employees, setting work schedules for the employees, and giving work assignments for employees and Plaintiff.

17. The Defendants are employers in interstate commerce.

18. The Defendant, WOLF BAY LODGE, INC., has annual revenue of at least five hundred thousand dollars ($500,000.00).

19. The Defendant, CHARLENE HABER, has annual revenue of at least five hundred thousand dollars ($500,000.00).

20. Alternatively, if any individual Defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then all Defendants combined have annual revenues of at least five hundred thousand dollars ($500,000.00).

21. The Defendants have at least two employees who are involved in interstate commerce.

22. Defendants, at all times material, are the "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

23. The Plaintiff is, at all times material, an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

24. The Defendants are the Plaintiff's employer.

25. The Defendants hired the Plaintiff, JULIA DUNBAR, in or about March 2009 to work for them as a bartender and/or waitress.

26. The Plaintiff's daily work responsibilities included, but were not limited to, performing duties such as serving the Defendants' customers food and drinks.

27. The Plaintiff was also required to stock the salad bar, perform host/hostess duties, roll silverware, and bus tables for the Defendants.

28. The Defendants controlled the Plaintiff's day to day activities, supervised, or had operational control over the Plaintiff.

29. At all times material herein, the Defendants each controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, terminating the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, assigning the Plaintiff's work duties, and supervising the Plaintiff.

30. The Defendants, each and jointly, had operational control over the Plaintiff.

31. The Plaintiff was an employee as defined under the meaning of FLSA.

32. The Defendants had two shifts for its employees, a 10:00am to 4:00pm shift and a 4:00pm to close shift.

33. The Plaintiff would work both shifts for the Defendants, sometimes working a "double shift" on certain work days. While working a "double shift," she would be required to clock out at the end of the 10:00am to 4:00pm shift and then clock back in for the 4:00pm to close shift.

34. If the Plaintiff worked the 10:00am to 4:00pm shift, she was required to perform duties such as, but not limited to, stocking the salad bar, bussing her tables, and rolling

silverware before she was able to leave. This "side work" would generally take an additional one (1) to one and one-half (1 ½) hours.

35. If the Plaintiff worked the 4:00pm to close shift, she was required to perform duties such as, but not limited to, breaking down the salad bar, bussing her tables, and other closing duties before she was able to leave. This "side work" would generally take an additional two and one-half (2 ½) to three (3) hours.

36. The Plaintiff, and other employees, were also required to attend 3 to 4 employee meetings a year, with each meeting lasting approximately one (1) to two (2) hours. The Plaintiff was not paid for her attendance at these meetings.

37. Depending on her schedule assigned, the Plaintiff worked, on average, between thirty (30) and sixty (60) hours a week for the Defendants.

38. While the Defendants provided the Plaintiff her name tag, the Plaintiff, and other employees, were required to purchase their own uniforms, i.e. shirts and aprons.

39. Additionally, the Defendants would deduct money, specifically $10.00, from the Plaintiff's paycheck for the replacement of missing/stolen silverware, despite the Plaintiff's lack of liability for same.

40. The Plaintiff was a "non-exempt" employee of the Defendants.

41. The Defendants failed to pay the Plaintiff for each and every hour the Plaintiff worked for the Defendants.

42. The Defendants permitted the Plaintiff to work for them but did not pay her for all work that he performed for the Defendants.

43. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

44. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage, for each hour worked as required by the FLSA.

45. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

46. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times (1 ½) the regular rate of pay.

47. The Plaintiff regularly worked over forty (40) hours per week for the Defendants.

48. The Defendants were aware that the Plaintiff worked in excess of forty (40) hours in a work week.

49. Plaintiff was not paid overtime compensation for each and every hour that she worked over forty (40) hours in a work week.

50. Defendants knew and were aware at all times that Plaintiff regularly worked more than forty (40) hours per week without overtime compensation.

51. Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times her regular hourly rate for each hour worked in excess of forty in a work-week.

52. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

53. The Defendants' actions in failing to pay the Plaintiff the applicable minimum wage or overtime compensation, as required by the FLSA, was willful and not in good faith.

54. Defendants witnessed the Plaintiff performing work at WOLF BAY LODGE and that the proper compensation based on the number of hours the Plaintiff worked at WOLF BAY LODGE was not tendered.

55. The Plaintiff was an hourly employee.

56. During her employment, the Defendants required the Plaintiff to use a time clock to track her daily and weekly hours worked for the Defendants.

57. The Defendants used techniques and/or actions that cut or reduced the Plaintiff's hours worked which denied the Plaintiff compensation for each and every hour she worked for the Defendants.

58. The Defendants would "time shave" or "back out" hours worked on the Plaintiff's time cards so as to reduce her daily and/or weekly hours worked for the Defendants.

59. This action of "time shaving" or "backing out" hours by the Defendants denied the Plaintiff compensation for each and every hour she worked for the Defendants.

60. At all times material herein, the Defendants actions were willful and not in good faith.

61. At all times material herein Defendants had knowledge that they were not paying the Plaintiff overtime and did so intentionally, and in conscious disregard to pay Plaintiff overtime for all hours worked.

62. The Defendants are each and jointly involved with paying the Plaintiff.

63. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I – Failure to Pay Minimum Wage Under FLSA

64. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth and referenced herein.

65. The Plaintiff is an employee within the meaning of the FLSA.

66. The Plaintiff was an employee of the Defendants.

67. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

68. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked. 29 U.S.C. § 206(a).

69. The Plaintiff worked for the Defendants at WOLF BAY LODGE from approximately March 2009 through June 2012 and again from May 2014 through March 2015, but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

70. The Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

71. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages and overtime under the FLSA.

72. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

73. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

74. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

75. As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

   a. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

   b. Enter judgment for the Plaintiff declaring that the Defendants violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

   c. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

   d. Award Plaintiff an equal amount in liquidated damages;

   e. Award Plaintiff reasonable attorney's fees and costs of suit; and

   f. Grant such other and further relief as this Court deems equitable and just.

   g. Plaintiff demands a trial by jury.

### COUNT II – FAILURE TO PAY OVERTIME WAGES UNDER FLSA

76. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-three (63) as if fully set forth and referenced herein.

77. The Plaintiff is an employee within the meaning of the FLSA.

78. The Plaintiff was an employee of the Defendants.

79. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

80. The Plaintiff worked for the Defendants at BABE'S The Plaintiff worked for the Defendants at WOLF BAY LODGE from approximately March 2009 through June 2012 and again from May 2014 through March 2015, but was not paid the appropriate overtime compensation for each hour worked over forty (40) in a work week as required by the FLSA.

81. When the Plaintiff worked for the Defendants, she worked in excess of forty (40) hours in a workweek.

82. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times the regular rate of pay.

83. The Defendants employed the Plaintiff in excess of forty (40) hours in each workweek without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by the FLSA.

84. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

85. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half times (1 ½) her regular rate of pay for all hours she worked in excess of 40 hours for each week she was employed by the Defendants and for which she was not paid one and one half (1 ½) times her regular rate.

86. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

87. The Defendants were aware the Plaintiff worked in excess of forty (40) hours in a workweek.

88. The Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

89. Because of the Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

90. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

    A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

    B. Enter judgment for the Plaintiff declaring that the Defendants violated the overtime provisions of the Fair Labor Standards Act and enjoining the Defendants

from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

G. Plaintiff demands a trial by jury.

## COUNT III - RETALIATORY DISCHARGE

91. Plaintiff re-alleges and incorporates by reference Paragraphs one (1) through sixty-three (63) as if fully set forth and referenced herein.

92. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b) which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

93. This is an action to seek relief, both legal and equitable, pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b) as the Defendants have retaliated and/or discriminated against the Plaintiff as a result of Plaintiff raising concerns in regard to unpaid minimum wages and/or overtime compensation due under the FLSA.

94. Pursuant to 29 U.S.C. 215(a)(3), it is unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any

complaint or instituted or caused to be instituted any proceeding under or related to this chapter…"

95. The Defendants terminated the Plaintiff in or about March 2015.

96. During her employment with the Defendants, the Plaintiff inquired with the Defendants as to the uncompensated hours she worked for the Defendants performing her waitressing duties and attending employee meetings as required by the Defendants.

97. By initiating inquiries with the Defendants concerning the payment of wages earned for hours worked required under the FLSA, the Plaintiff was engaged in activity protected by the FLSA.

98. After initiating said inquiries, the Plaintiff suffered adverse action including, but not limited to, termination of her employment.

99. The Defendants have discriminated against, retaliated against, or has otherwise taken adverse action against the Plaintiff for initiating wage concerns pursuant to the FLSA with the Defendants, in violation of 29 U.S.C. § 215(a)(3).

100. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

101. Because of the Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

102. As a direct and proximate result of the Defendants' discrimination, retaliation, and/or discharge of the Plaintiff, she has suffered diminished earning capacity, loss of wages, loss of earning capacity and/or mental anguish, and pain and suffering.

103. These losses are continuing in nature.

104. As a result of the unlawful acts of Defendants, the Plaintiff seeks relief and pursuant to 29 U.S.C. § 216(b), and the Defendants shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215 (a)(3) of this title, including without limitation employment reinstatement, promotion, and the payment of wages lost, and an additional equal amount as liquidated damages.

**WHEREFORE**, the Plaintiff, JULIA DUNBAR, prays this Court to declare that the Defendants, WOLF BAY LODGE, INC. and CHARLENE HABER, retaliated against the Plaintiff for actions protected under the FLSA concerning payment of wages earned but not paid; award all damages that flowed from this retaliation, including compensatory damages or punitive damages, to be proven at trial, award the Plaintiff the cost of this action and reasonable attorneys' fees; and grant such other and further relief as this Court.

### JURY TRIAL DEMANDED

DATED this 19th day of May, 2015.

    Respectfully submitted,

    */s/ Jeremiah J. Talbott*
    JEREMIAH J. TALBOTT, ESQ. (FBN 015484)
    TYLER L. GRAY, ESQ. (FBN 0059738)
    Law Office of Jeremiah J. Talbott, P.A.
    900 East Moreno Street
    Pensacola, FL 32503
    (850) 437-9600 / (850) 437-0906 (fax)
    jjtalbott@talbottlawfirm.com;
    tyler@talbottlawfirm.com;
    civilfilings@talbottlawfirm.com
    *Attorneys for Plaintiff*