IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JULIA DUNBAR, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.: 1:15-0265-CG-M<br>)<br>) |
| WOLF BAY LODGE, INC., and<br>CHARLENE HABER, | )<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFF'S RESPONSE TO COURT'S INTERROGATORIES

1. During what period of time were you employed by the Defendant(s)?

    **ANSWER:** I was employed by the Defendant on two separate occasions, March 11, 2009 through June 12, 2012, and May 2014 through March 2015. I do not recall the specific days for my second employment period.

2. Who was your immediate supervisor?

    **ANSWER:** Karen Keith, Server Manager.

3. Did you have a regularly scheduled work period? If so, specify.

    **ANSWER:** No, I did not have a regular work schedule. My schedule was on a rotating basis that changed from week-to-week. I would typically work between 30 and 60 hours per week, including evenings and daytime hours with shifts that fell on all days of the week. We had two separate shifts: a "day shift" from 10:00 a.m. until 4:00 p.m., and an "evening shift" from 4:00 p.m. to close, which was 10:00 p.m. or later. I regularly rotated shifts and on some days would work a "double shift," where I worked both on the same day.

4. What was your title or position? Briefly describe your job duties.

**ANSWER:** Server/Waitress. My job duties included serving customers' food and drinks, opening and setting up restaurant, stocking the salad bar, performing hostess duties, rolling silverware, and busing tables.

5. What was your regular rate of pay?

**ANSWER:** $2.13/hr plus tips.

6. Provide an accounting of your claim, including:

**ANSWER:**

   a. Dates: I was employed by the Defendant on two separate occasions, March 11, 2009 through June 12, 2012, and May 2014 through March 2015.

   b. Regular hours worked: I worked a rotating schedule that changed from week-to-week. However, I typically worked between 30 and 60 hours per week with shifts occurring both during the day and evenings, all days of the week.

   c. Over-time hours worked: On numerous occasions, I would work in excess of 40 hours per week. Specifically, about twice per month I would work up to 60 hours per week. For payroll purposes, I was only paid for the initial 40 hours. For hours in excess of 40, I was paid in cash at the standard hourly rate.

   d. Pay received versus pay claimed: Please see responses above. In addition, I was regularly required to work off the clock, was not paid for mandatory employee meetings, and have not received my final pay check.

   e. Total amount claimed: Unfortunately, due to the length of time I was employed by the Defendant, I am unable to give an accurate estimate of the amount of

money I am owed without further reviewing my payroll information that is in the possession and control of Defendant.

7. When did you (or your attorney) first complain to your employer about violations of the FLSA?

   **ANSWER:** I first complained to my employer in March of 2015. I do not recall the specific day, but it was the day after my employment was terminated.

8. Was this complaint written or oral? (If written complaint, please attach a copy).

   **ANSWER:** The complaint was made orally. Specifically, Charlene Haber sent me a text message asking me to call her. I then placed a phone call and discussed my concerns with her.

9. What was your employer's response? (If a written response, please attach a copy)

   **ANSWER:** Charlene Haber denied and dismissed my complaint during our phone conversation.

I declare that the foregoing is true and accurate to the best of my knowledge.

_____
Signature

Julia G. Dunbar
Printed Name

July-22, 2015
Date

STATE OF FLORIDA
COUNTY OF ESCAMBIA

BEFORE ME, the undersigned authority, on this day, personally appeared Julia Dunbar, who being first duly sworn, deposes and says that she read the foregoing Answers to the Court's Interrogatories to the Plaintiff, knows the content of same, and to the best of her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me this 22 day of July, 2015.

NOTARY PUBLIC

_____
Signature of Person Taking Acknowledgement
Print Name: _____
Title: Notary Public
Serial No.: _____
Commission Expires: _____

KRYSTAL HEITLAND
Commission # EE 225178
Expires August 15, 2016
Bonded Thru Troy Fain Insurance 800-385-7019