IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JULIA DUNBAR, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 15-00265-CG-M |
| WOLF BAY LODGE, INC., and CHARLENE HABER, | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Joint Motion for Court Approval of Settlement (Doc. 21) filed on September 30, 2015. For the reasons set forth herein, the Court finds that the motion is due to be **GRANTED**. The settlement agreement is **APPROVED**, and the case is hereby **DISMISSED** with prejudice.

**I.  FACTUAL BACKGROUND**

Julia Dunbar ("Plaintiff") filed suit on May 21, 2015, against Wolf Bay Lodge, Inc. and Charlene Haber ("Defendants"), in order "to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act." (Doc. 1, p. 1). Plaintiff argues that Defendants regularly failed to pay her the federal minimum wage. Id. at 7. Plaintiff claims that she was not paid overtime that was due to her as an hourly employee. Id. at 7-8. Plaintiff asserts that Defendants engaged in deceptive practices to deprive her of payment for time worked. Id. at 8. Plaintiff alleges that she was not compensated for her attendance at employee meetings, with an average of three to four meetings occurring a year for a duration of

approximately one to two hours each. Id. at 6. She also claims that Defendants deducted money from her paycheck "for the replacement of missing/stolen silverware, despite the Plaintiff's lack of liability for same." Id. Finally, Plaintiff levies a claim of retaliatory discharge.[1] Id. at 13.

Defendants completely deny Plaintiff's allegations. (Doc. 21, p. 2). However, Defendants "have agreed to pay Plaintiff the full amount of compensation to which she alleges she is entitled, as well as an equal amount for claimed liquidated damages," instead of "spend[ing] a disproportionate amount of time and money litigating the amount claimed by Plaintiff." Id. The parties assert that "Plaintiff is receiving the full amount of unpaid compensation, liquidated damages, costs and attorneys' fees that Plaintiff believes she can recover." Id. at 4. They further aver that "the settlement reached between them represents a 'fair and reasonable' resolution of Plaintiff's FLSA claim." Id.

## II. STATEMENT OF THE LAW

The Fair Labor Standards Act provides that an employer found in violation of its provisions "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case

---

[1] The parties assert that "the Court's approval is not necessary for settlement of [this] claim," although the parties go on to provide details of the settlement. (Doc. 21, p. 2, n.1). Some courts agree, holding that court approval of a settlement of a retaliatory discharge claim under the FLSA is not required. See, e.g., Hernandez v. Iron Container, LLC, No. 13-22170-CIV, 2014 WL 633848, at *1-2 (S.D. Fla. Feb. 18, 2014) (collecting cases). Only when the settlement of this claim affects the fairness of the settlement of the wage claims will the court review the retaliatory discharge claim for fairness. Id. at *1. The Court finds these cases persuasive. As the Court holds below, the settlement of the wage claims is reasonable and fair, and thus the Court need not review the settlement of the retaliatory discharge claim.

may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216 (2012). An oft-cited Eleventh Circuit case provides direction to district courts when analyzing FLSA settlements. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). The Act "was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." Id. at 1352. The provisions of the FLSA are mandatory and "not subject to negotiation or bargaining between employers and employees." Id. The court held that there were two ways that settlements of FLSA wage claims could be approved: (1) through supervision by the Secretary of Labor, or (2) by stipulated judgment entered by a district court "after scrutinizing the settlement for fairness." Id. at 1352-53. The court found that settlements are more favorable when the employees are represented by counsel, recognizing that such a settlement "is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. A settlement agreement will be approved when the district court "has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355.

    The Court must also determine whether the attorney's fees portion of the settlement affects the fairness of the settlement as a whole. In an unpublished opinion, the Eleventh Circuit found that the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated

adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

### III.  REVIEW OF THE PROPOSED SETTLEMENT

The settlement provides Plaintiff with $1,086.30 for alleged unpaid wages, along with an additional $1,086.30 for alleged liquidated damages for a total of $2,172.60. (Doc. 21, p. 2). The settlement also awards Plaintiff $7,000 in attorney's fees and $500 in costs. Id. The parties demonstrate the use of a single calculation to arrive at $1,086.30, and the Court is uncertain whether the arithmetic encompasses both the minimum wage and overtime claims.[2] However, the Court is comforted by the fact that Plaintiff was represented by counsel who reviewed records provided by Defendants, and the parties stipulate that the settlement provides Plaintiff with "the full amount of compensation to which she alleges she is entitled, as well as an equal amount for claimed liquidated damages." Id. Thus, the Court finds that the proposed payment is fair and reasonable under the FLSA.

For attorney's fees, the Court typically will determine the "lodestar" figure, which is composed of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). However, the Court has recognized that "a lodestar analysis is not always

---

[2] It is important to note that, while the motion states that Plaintiff claims she was not compensated for an average of six hours per week, the equation reflects that a figure of five hours per week was used to calculate the wage claim. (Doc. 21, p. 2). However, the resulting amount indicates that the proper number of six hours per week was used to arrive at the total. Id.

4

required." Lyons v. Beef 'O' Brady's, FSC Franchise Co., Civ. Action No. 15-0170-CG-N, 2015 WL 5602452, at *2 (S.D. Ala. Sept. 23, 2015). When "the fee [is] negotiated separately and without regard to the amount paid to the Plaintiff," the Court may forego the lodestar analysis. Id. at *3. Here, the parties assert that they "separately negotiated Plaintiff's counsel's attorney's fees." (Doc. 21, p. 2). Further, it is apparent that the fees did not affect Plaintiff's recovery because Plaintiff recovered the entirety of her claim, as discussed above. Therefore, the Court finds that the attorney's fees do not affect the fairness and reasonableness of the settlement.

## CONCLUSION

The Court finds that the settlement is reasonable and fair. Therefore, the parties' joint motion to approve settlement is **GRANTED**, the settlement agreement is **APPROVED**, and the case is **DISMISSED** with prejudice.

**DONE** and **ORDERED** this 22nd day of October, 2015.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE